IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) ) ) | |
| v. ) ) | CIVIL ACTION FILE NO. |
| DANIEL MILLER, GAYTRI CRUPA, ) INC. KEDARNATH 81, LLC, ) LALBHAI C. PATEL, SHANTA L. ) PATEL, DINESH L. PATEL, ) HETALBEN PATEL; JANAISHA ) BYRD, AND ASHLEY PINKARD, ) ) | |
| Defendants. ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW, Auto-Owners Insurance Company ("Auto-Owners"), Plaintiff in the above-styled action, and files this Complaint for Declaratory Judgment, showing this honorable Court as follows:

1.

This is an action for declaratory judgment, brought pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 USC § 2201, to declare the rights and other legal relations surrounding questions of actual controversy that presently exist among Plaintiff Auto-Owners; Daniel Miller, ("Miller"); Gaytri Crupa, Inc., ("Gaytri Crupa"); Kedarnath 81, LLC, ("Kedarnath 81"); Lalbhai C. Patel,

("Lalbhai"); Shanta L. Patel, ("Shanta"); Dinesh L. Patel, ("Dinesh"); Hetalben Patel, ("Hetalben")[1]; Janaisha Byrd, ("Byrd"); and Ashley Pinkard, ("Pinkard").

2.

Plaintiff Auto-Owners is a corporation organized and existing under the laws of the state of Michigan, with its principle place of business in Michigan.

3.

Upon information and belief, Defendant Ashley Pinkard is a citizen and resident of Coffee County, Georgia. Defendant Pinkard may be served with process at 290 Baymeadows Drive, Douglas, Georgia 31535.

4.

Upon information and belief, Defendant Daniel Miller is a citizen and resident of Coffee County, Georgia. Defendant Miller may be served with process at 75 Pine Needle Road, Douglas, Georgia 31535.

5.

Upon information and belief, Defendant Gaytri Crupa, Inc. is a Georgia corporation authorized to conduct business in the state of Georgia, and may be served through its registered agent, Wendy Del'Acqua, at 934 South First Street, Jesup, Wayne County, Georgia 31545.

---

[1] Defendants Lalbhai, Shanta, Dinesh, and Hetalben shall be collectively referred to as "the Patel Defendants".

6.

Upon information and belief, Defendant Kedarnath 81, LLC, Inc. is a Georgia Corporation authorized to conduct business in the state of Georgia, and may be served through its registered agent, Hetalben Patel, at 102 Clearwater Drive, Jesup, Wayne County, Georgia 31545.

7.

Upon information and belief, Defendant Labhai C. Patel, is a citizen and resident of Wayne County, Georgia. Defendant Lalbhai Patel may be served with process at 1111 North First Street, Jesup, Wayne County, Georgia 31545.

8.

Upon information and belief, Defendant Shanta L. Patel, is a citizen and resident of Wayne County, Georgia. Defendant Shanta Patel may be served with process at 1111 North First Street, Jesup, Wayne County, Georgia 31545.

9.

Upon information and belief, Defendant Dinesh L. Patel, is a citizen and resident of Wayne County, Georgia. Defendant Dinesh L. Patel may be served with process at 1111 North First Street, Jesup, Wayne County, Georgia 31545.

10.

Upon information and belief, Defendant Hetalbin C. Patel, is a citizen and resident of Wayne County, Georgia. Defendant Hetalbin Patel may be served with process at 102 Clearwater Drive, Jesup, Wayne County, Georgia 31545.

11.

Upon information and belief, Defendant Janaisha Byrd, is a citizen and resident of Wayne County, Georgia. Defendant Janaisha Byrd may be served with process at 455 N. Mahogany Street, Jesup, Wayne County, Georgia 31546.

12.

Venue in this action is proper pursuant to 28 USC § 1391.

13.

This Court has original jurisdiction over this action under the provisions of 28 USC § 1332, because it is a civil action in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is among citizens of different states.

**Factual Background**

14.

On June 27, 2022, a lawsuit ("underlying lawsuit") was filed by Defendant Daniel Miller, individually and as administrator of the estate of Scarlett Miller, in the State Court of Wayne County, Georgia, styled Daniel Miller, Individually and as

Administrator of the Estate of Scarlett S. Miller, Deceased v. Gaytri Crupa, Inc.; Kedarnath 81, LLC; Lalbhai C. Patel; Shanta L. Patel; Dinesh L. Patel; Hetalben Patel; Janaisha Byrd, and Ashley Pinkard, civil action file number STCV2022000047.  A true and correct copy of that lawsuit is attached hereto as Exhibit "A".

15.

In the underlying lawsuit, Defendant Miller seeks damages and other relief against Defendant Pinkard and the other named Defendants, related to bodily injury, death, and other alleged injuries and damages as a result of an incident at the A-One Motel in Jesup, Georgia on July 4, 2020, in which minor Scarlett Miller was hit and injured by a vehicle in the parking lot. Exhibit A, ¶¶ 13-20.

16.

Defendant Miller alleges that Scarlett Miller suffered personal injuries medical expenses; pain and suffering and medical expenses prior to her death and the Estate continues to suffer; mental anguish; medical expenses, funeral and burial expenses. The Estate seeks all damages allowable under Georgia law. Ex. A, ¶¶ 39-41.

## The Policy

17.

The Auto-Owners policy at issue, policy number 51-372-166-01 (the "Policy"), was issued to "Ashley A. Miller" with effective dates from October 9, 2019, through October 9, 2020. That policy consists of various coverages, including liability coverage, subject to the terms, conditions, and exclusions contained in the policy. A complete and accurate copy of the policy is attached hereto as Exhibit "B".

18.

At Section II- Personal Liability Protection, Coverages, the Policy states:

**Coverage E.  Personal Liability**

    (1)  **We** will pay all sums any **insured** becomes legally obligated to pay as damages because of or arising out of **bodily injury** or **property damage** caused by an **occurrence** to which this insurance applies. …

    (2)  **We** will pay all sums any **insured** becomes legally obligated to pay as damages because of or arising out of **personal injury** caused by an **incident** to which this coverage applies. However, with respect to any …**motor vehicle**…

    (a) **we** will pay damages because of or arising out of the ownership, maintenance, use, loading or unloading of only:

        1) a **motor vehicle** stored on an **insured premises** which has been rendered inoperable by complete detachment of part, or by mechanical breakdown;

> 2) **motor vehicles** not subject to registration by a state regulatory agency which are used primarily for servicing and maintaining an **insured premises**; …
>
> (b) **we** will pay damages because of or arising out of the maintenance, use, loading or unloading only:
>
> 1) a **motor vehicle** which is not owned nor operated by nor rented nor loaned to any **insured**;…

Form 17903 (2-96), pp. 15-16.

19.

The Policy defines "bodily injury" as "physical injury, sickness or disease sustained by a person including resulting death of that person.  **Bodily injury** does not include **personal injury**."

20.

The Policy defines "property damage" to mean "damage to or destruction of tangible property including resulting loss of that property."

21.

The Policy defines "occurrence" to mean "an accident that results in bodily injury or property damage and includes, as one occurrence, all continuous or repeated exposure to substantially the same generally harmful conditions."

22.

The Policy defines "personal injury" to mean "a. libel, slander or defamation of character; b. false arrest, detention or imprisonment, or malicious prosecution; c.

invasion of privacy; or d. wrongful eviction or wrongful entry. **Personal injury** does not include **bodily injury**".

23.

The Policy defines "Incident" to mean as "an offense(s) by any **insured** resulting in **personal injury** and includes, as one incident, all continuous or repeated exposure to substantially the same generally harmful condition."

24.

The Policy contains several exclusions that may apply to bar coverage for the claims asserted by Daniel Miller. For example, the Policy excludes coverage:

> (9) to **bodily injury** or **property damage** because of or arising out of:
>
> (a) the entrustment to any person by any **insured** nor
>
> (b) the supervision of any person by any **insured**;
>
> with regard to the ownership, maintenance, use, loading or unloading of an **aircraft**, **motor vehicle**, **recreational vehicle**, or **watercraft**.
>
> This exclusion does not apply:
>
> (a) to **aircraft**, **recreational vehicles** and **watercrafts** that are covered by Coverage E-Personal Liability; nor
>
> (b) to **motor vehicles** that are covered by Coverage E-Personal Liability. This exception does not apply to **motor vehicles** that are not owned by any **insured**.

Form 17903 (2-96)) p. 17.

25.

The Policy defines "motor vehicle" to mean "a motorized land vehicle. **Motor vehicle** does not include a **recreational vehicle**."

26.

The Policy contains an Intentional Acts exclusion, which precludes coverage:

> (12) to **bodily injury** or **property damage** reasonably expected or intended by the **insured**. This exclusion applies even if the **bodily injury** or **property damage** is of a different kind or degree, or is sustained by a different person or property, than reasonably expected or intended. …

Form 7903 (2-96), p. 17.

27.

The Policy also contains an Expected or Intended exclusion endorsement which bars coverage:

> (12) to **bodily injury** or **property damage** reasonably expected or intended by the **insured**. This exclusion applies even if the **bodily injury** or **property damage** is of a different kind or degree, or is sustained by a different person or property, than that reasonably expected or intended. However, this exclusion does not apply to **bodily injury** or **property damage** arising out of the use of reasonable force by the **insured** to protect persons or property.

All other policy terms and conditions apply.

Form 57591 (2-14), p. 1.

28.

The Policy states that personal liability coverage does not apply:

>   (6) to **bodily injury** or **personal injury** to any insured.

Form 17903 (2-96), p. 18.

29.

The Policy defines "insured" to mean "a. **you**; b. **your relatives**; and c. any other person under the age of 21 residing with **you** who is under **your** care or the care of a **relative**." "Id., p. 1.

30.

In addition, the Policy defines "relative" to mean "a person who resides with **you** and who is related to **you** by blood, marriage or adoption.  **Relative** includes a ward or foster child who resides with **you**." Id., p. 2.

31.

The Policy states as follows regarding Medical Payments coverage:

> **c.  Coverage F - Medical Payments to Others** does not apply**:**
>
> >   (3) To **bodily injury** to any **insured** or any other person, except a **residence employee**, who regularly resides on any part of any **insured premises**. This exclusion does not apply to **bodily injury** because of the operation or use of a **recreational vehicle** that is a motorized golf cart.

Form 17903 (2-96), p. 18.

32.

The Policy also contains the following notice conditions:

**2.    PERSONAL LIABILITY PROTECTION**

In the event of **bodily injury**, **property damage** or **personal injury**, the **insured** must:

**a.**    notify **us** or **our** agency as soon as possible.  The notice must give:

**(1)**    **your** name and policy number;

**(2)**    the time, place and circumstances of the **occurrence** or **incident**; and

**(3)**    the names and addresses of injured persons and witnesses;

**b.**    promptly send **us** any legal papers received relating to any claim or **suit**;

**c.**    cooperate with **us** and assist **us** in any matter relating to a claim or **suit**; and

**d.**    if a loss covered under Damage to Property of Others occurs, send **us** sworn proof of loss, within 60 days of the **occurrence**.  **You** shall also exhibit the damaged property if within **your** control.

An **insured** will not, except at his or her own cost, voluntarily make any payment, assume any obligation or incur any expenses at the time of the **occurrence** or **incident**.  Expenses covered by ADDITIONAL COVERAGE, c.  First Aid Expenses may be incurred by an insured.

Form 17903 (2-96), p. 21.

33.

Under a complete reservation of rights, Auto-Owners is currently providing Defendant Pinkard with a defense in the underlying lawsuit.  While providing that

- 11 -

defense, Auto-Owners has reserved its rights either to withdraw its defense and/or disclaim coverage and indemnification for all or part of any judgment that may be obtained against Defendant Pinkard in the underlying lawsuit.

### First Claim for Relief

34.

Auto-Owners reiterates paragraphs 1 through 33 as if fully set forth herein.

35.

The contract of insurance issued by Auto-Owners to Defendant Pinkard does not provide coverage for the underlying lawsuit against Defendant Pinkard and, therefore, Auto-Owners has no duty to defend or indemnify Defendant Pinkard for the claims asserted against her in that lawsuit.

36.

The policy requires an insured to give timely notice of a claim. More specifically, the policy provides as follows:

> **2. Duties in the Event of Occurrence, Claim Or Suit**
> **a.** You must see to it that we are notified promptly of an "occurrence" that may result in a claim. Notice should include:
> **(1)** How, when and where the "occurrence" took place; and
> **(2)** The names and addresses of any injured persons and witnesses.
> **b.** If a claim is made or "suit" is brought against any insured, you must see to it that we receive prompt written notice of the claim or "suit".
> **c.** You and any other involved insured must:

|     |     |     |
| --- | --- | --- |
|     | **(1)** | Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit"; |
|     | **(2)** | Authorize us to obtain records and other information; |
|     | **(3)** | Cooperate with us in the investigation, settlement or defense of the claim or "suit"; and |
|     | **(4)** | Assist us, upon our request, in the enforcement of any right against any person or organization that may be liable to the insured because of injury or damage to which this insurance may also apply. |
| **d.** | | No insureds will, except at their own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent. |

37.

Defendant Miller filed the underlying lawsuit on June 27, 2022.  See Exhibit "A".

38.

Defendant Pinkard was present when the July 4, 2020 incident occurred and Scarlett Miller was injured.

39.

Defendant Pinkard had actual knowledge of the incident when it occurred on July 4, 2020.

40.

Plaintiff Auto-Owners did not receive notice of Defendant Miller's claims against Defendant Pinkard or his lawsuit against Defendant Pinkard until on or about July 19, 2022, over two years after the incident occurred.

41.

To the extent that Defendant Pinkard failed to provide timely notice of the claim, potential claim, or "occurrence" pursuant to the terms and conditions of the policy, no coverage is afforded under the policy for liability or damages that may be sought against Defendant Pinkard in the underlying lawsuit.

42.

A controversy of a justiciable nature presently exists between the parties, which demands a declaration by the Court, so that Auto-Owners may have its rights and duties under the applicable contract of insurance determined and avoid the possible accrual of damages.

43.

Accordingly, Auto-Owners seeks a declaration from this Court that no indemnification or duty to defend is owed by Auto-Owners to Defendant Pinkard for any liability or damages that may be incurred by Defendant Pinkard in the underlying lawsuit because she did not provide timely notice of the claim, potential claim, or "occurrence" under the terms and conditions of the policy.

**Second Claim for Relief**

44.

Auto-Owners reiterates paragraphs 1 through 43 as if fully set forth herein.

45.

The policy of insurance issued by Auto-Owners identified "Ashley A. Miller" as the named insured.

46.

Defendant Pinkard's legal name was Ashley A. Miller when she was married to Defendant Daniel Miller.

47.

When Defendant Pinkard and Defendant Miller were divorced, Defendant Pinkard's last name was legally changed to Pinkard.

48.

Scarlett Miller was the minor daughter of Defendant Miller and Defendant Pinkard.

49.

On or about July 4, 2020 Scarlett Miller resided with Defendant Pinkard and was related to Defendant Pinkard by blood, marriage, or adoption.

50.

On or about July 4, 2020, Scarlett Miller was under 21 years old, was residing with Defendant Pinkard, and was under Defendant Pinkard's care.

51.

To the extent that Scarlett Miller was Defendant Pinkard's "relative" on July 4, 2020, no coverage is owed under the Policy.

52.

To the extent that Scarlett Miller qualifies as "insured" under the policy on July 4, 2020, no coverage is owed under the Policy.

53.

To the extent that the exclusion contained in the Policy for "bodily injury or personal injury to any insured" applies, coverage is barred.

54.

A controversy of a justiciable nature presently exists between the parties, which demands a declaration by the Court, so that Auto-Owners may have its rights and duties under the applicable contract of insurance determined and avoid the possible accrual of damages.

55.

Accordingly, Auto-Owners seeks a declaration from this Court that no indemnification or duty to defend is owed to Defendant Pinkard for any liability or

damages to the extent that Scarlett Miller qualified as a "relative" and/or an "insured" under the Policy on July 4, 2020.

### Third Claim for Relief

56.

Plaintiffs reiterate paragraphs 1 through 55 as if fully set forth herein.

57.

The insurance contract issued by Plaintiff Auto-Owners does not provide coverage for the underlying lawsuit against Defendant Pinkard and, therefore, Plaintiff has no duty to defend or indemnify said Defendant for the claims asserted against her in the underlying lawsuit.

58.

Specifically, the Policy excludes coverage:

> (9) to **bodily injury** or **property damage** because of or arising out of:
>
> (a) the entrustment to any person by any **insured** nor
>
> (b) the supervision of any person by any **insured**;
>
> with regard to the ownership, maintenance, use, loading or unloading of an **aircraft**, **motor vehicle**, **recreational vehicle**, or **watercraft**.
>
> This exclusion does not apply:
>
> (a) to **aircraft**, **recreational vehicles** and **watercrafts** that are covered by Coverage E-Personal Liability; nor

            **(b)**    to **motor vehicles** that are covered by Coverage E-Personal Liability.  This exception does not apply to **motor vehicles** that are not owned by any **insured**.

Form 17903 (2-96)) p. 17.

### 59.

To the extent the damages at issue fall within the negligent entrustment or supervision exclusion contained in the Policy, coverage is precluded.

### 60.

A controversy of judiciable nature presently exists among the parties, which demands a declaration by this Court, in order that Plaintiff may have its rights and duties under the applicable contracts of insurance determined and avoid the possible accrual of damages.

### 61.

Accordingly, Plaintiff seeks a declaration that no indemnification or duty to defend is owed by Plaintiff to Defendant Pinkard for any liability that may come within negligent entrustment or supervision exclusions.

### 62.

Wherefore, Auto-Owners prays that this Court enter judgment declaring:

a.    That, under the First Claim for Relief, Auto-Owners has no duty to defend or indemnify Defendant Pinkard because she failed to provide

timely notice of the claim, potential claim, or "occurrence" pursuant to the terms and conditions of the Policy;

b. That, under the Second Claim For Relief, Auto-Owners has no duty to defend or indemnify Defendant Pinkard to the extent that Scarlett Miller qualified as a "relative" and/or an "insured" under the Policy on July 4, 2020, such that the bodily injury to an insured exclusion applies;

c. That, under the Third Claim for Relief, Auto-Owners has no duty to defend or indemnify Defendant Pinkard to the extent that the negligent entrustment or supervision exclusion contained in the Policy applies;

d. That this Court grant Auto-Owners any and all further as it deems just and proper; and

e. That Auto-Owners be awarded costs in this action.

This 8th of November, 2022.

Respectfully submitted,

SWIFT, CURRIE, McGHEE & HIERS

*/s/ Mark T. Dietrichs*
Mark T. Dietrichs
Georgia Bar No. 221722
*Attorney for Plaintiff Auto-Owners Insurance Company*

1420 Peachtree Street NE
Suite 800
Atlanta, Georgia 30309
Telephone: 404.874.8800
mark.dietrichs@swiftcurrie.com